JS 44 9/19

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

20      1264

## I. (a) PLAINTIFFS
Estate of Carrie Andrea Coineandubh

**(b)** County of Residence of First Listed Plaintiff: Pierce County, WA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Dugan Brinkmann Maginnis and Pace
1880 JFK Boulevard, Suite 1400
Philadelphia, PA 19103-7424

## DEFENDANTS
Boeing Employees Credit Union

County of Residence of First Listed Defendant: King County, WA
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☒ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
FRCP 45

Brief description of cause:
Compel production of documents requested in a subpoena duces tecum

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ 0.00

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____  DOCKET NUMBER _____

DATE 2/28/20

SIGNATURE OF ATTORNEY OF RECORD

FEB 28 2020

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: 7303 E. Vickery Avenue, Tacoma, Washington

Address of Defendant: 12770 Gateway Drive, Tukwila, Washington 98168

Place of Accident, Incident or Transaction: Washington

---

**RELATED CASE, IF ANY:**

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes [ ]  No [ ]

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes [ ]  No [ ]

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes [ ]  No [ ]

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes [ ]  No [ ]

I certify that, to my knowledge, the within case [ ] is / [ ] is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 03/02/2020     *Attorney-at-Law / Pro Se Plaintiff*     21350   *Attorney I.D. # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

**A.  Federal Question Cases:**

1. Indemnity Contract, Marine Contract, and All Other Contracts
2. FELA
3. Jones Act-Personal Injury
4. Antitrust
5. Patent
6. Labor-Management Relations
7. Civil Rights
8. Habeas Corpus
9. Securities Act(s) Cases
10. Social Security Review Cases
11. [✓] All other Federal Question Cases
    *(Please specify):* _____

**B.  Diversity Jurisdiction Cases:**

1. Insurance Contract and Other Contracts
2. Airplane Personal Injury
3. Assault, Defamation
4. Marine Personal Injury
5. Motor Vehicle Personal Injury
6. Other Personal Injury *(Please specify):* _____
7. Products Liability
8. Products Liability – Asbestos
9. All other Diversity Cases
   *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration)*

I, Gerald J. Dugan, counsel of record or pro se plaintiff, do hereby certify

[ ] Pursuant to Local Civil Rule 53.2. § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

[✓] Relief other than monetary damages is sought.

DATE 3-5-2020     *Attorney-at-Law / Pro Se Plaintiff*     21350   *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F R C P 38.

CIV 609 (5/2018)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | |
|---|---|
| Estate of Carrie Andrea Coineandubh | CIVIL ACTION |
| v. | |
| Boeing Employees Credit Union | NO. 20 1264 |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

### SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.  ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.  ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.  ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)  ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.  (X)

3/2/20
**Date**

Attorney-at-law
215-563-5610

Gerald J. Dugan
Attorney for Plaintiff
gjdugan@dbmplaw.com

215-563-3500
**Telephone**   **FAX Number**   **E-Mail Address**

(Civ. 660) 10/02

FEB 28 2020

FEB 28 2020



UNITED STATES DISTRICT COURT
For the EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ESTATE OF CARRIE ANDREA COINEANDUBH,** | : CIVIL ACTION |
| *Plaintiff,* | : No.   20   1264 |
| v. | : |
| **BOEING EMPLOYEES CREDIT UNION, a Washington nonprofit corporation,** | : |
| *Defendant.* | : |

COMES NOW plaintiff, ESTATE OF CARRIE ANDREA COINEANDUBH, and hereby alleges as follows:

## I. JURISDICTION AND VENUE

1.1   This lawsuit arises out of a loan that was made by defendant, BOEING EMPLOYEES CREDIT UNION, on March 1, 2006 to Carrie A. Coineandubh in order for her and her then husband to purchase the single-family residence located at 7303 E. Vickery Avenue, Tacoma, Washington (hereinafter the "loan").

## II. PARTIES

2.1   At all times pertinent to this lawsuit, plaintiff, ESTATE OF CARRIE ANDREA COINEANDUBH ("Estate"), was an estate formed under the laws of the state of Washington as the result of the death of Carrie A. Coineandubh, a single individual, on April 9, 2018.

2.2   At all times pertinent to this lawsuit, defendant, BOEING EMPLOYEES CREDIT UNION ("BECU"), was and is a Washington nonprofit corporation doing business as a credit union whose principal place of business is located at 12770 Gateway Drive, Tukwila, Washington 98168.

2.3  At all times pertinent to this lawsuit, CENLAR FSB, was the loan servicer for the loan made by BECU to the Estate.

### III. SUMMARY OF UNDERLYING ACTION

3.1  The Estate has filed a lawsuit against BECU that is currently pending in the Western District of Washington at Tacoma: *Estate of Carrie Andrea Coineandubh v. Boeing Employees Credit Union*, Case No. 3:19-cv-05527 RBL ("Washington action"). Jurisdiction and venue for this claim is conferred on the United States District Court for the Western District of Washington by virtue of 12 U.S.C. § 2614.

3.2  In the Washington action, the Estate alleges BECU violated the federal Real Estate Settlement Procedures Act [12 U.S.C. §2601 *et seq.*] in failing to honor a loan modification agreement. BECU denies these allegations.

3.3  At all times pertinent to the Washington action, Cenlar FSB serviced the loan BECU made to the Estate.

3.4  In December 2019 the Estate served a subpoena *duces tecum* on Cenlar FSB at its Yardley, Pennsylvania place of business requesting Cenlar FSB to produce at a court reporter's office in Doylestown, Pennsylvania various documents, including but not limited to, the complete loan servicing file Cenlar FSB was required by federal administrative regulation [12 CFR 1024.38(c)(2)(i)-(v)] to maintain for the loan made by BECU to the Estate. *See* Exhibit A.

3.5  Cenlar FSB did not respond in any fashion to the subpoena *duces tecum* served on it by the Estate. *See* Exhibit B.

3.6  The Estate has consequently brought this civil action to enforce the December 2019 subpoena *duces tecum* and compel Cenlar FSB to produce the documents requested.

//

## IV. RELIEF REQUESTED

4.1   The Estate will request this Court, in accordance with FRCP 45, to compel Cenlar FSB to produce the documents requested in the Estate's subpoena *duces tecum*.

4.2   The Estate further requests it be awarded all of its reasonable attorney fees and costs incurred in enforcement of the Estate's subpoena duces tecum.

DATED this 26th day of February, 2020.

DUGAN BRINKMANN MAGINNIS AND PACE

By _____
Gerald J. Dugan, Esquire
Attorneys for Plaintiff
ESTATE OF CARRIE ANDREA
COINEANDUBH

# Exhibit A

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Western District of Washington

| | |
|---|---|
| Estate of Carrie Andrea Coineandubh  *Plaintiff*  v.  Boeing Employees Credit Union  *Defendant* | )  )  )  )  )  )  )  Civil Action No. 3:19-cv-05527 RBL |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:      Cenlar FSB, 425 Phillips Boulevard, Ewing NJ  08618

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:  See Exhibit A

| Place: Veritext Legal Solutions  44 East Court St., Doylestown, PA  18901 | Date and Time:  12/30/2019 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  12/04/2019

            CLERK OF COURT
                                                                        OR     */s/ William Purcell*
     _____                                           _____
          *Signature of Clerk or Deputy Clerk*                                            *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____, who issues or requests this subpoena, are:

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 3:19-cv-05527 RBL

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

Case 2:20-cv-01264-BMS   Document 1   Filed 02/28/20   Page 10 of 14

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT A

As used herein:

1.  ***Estate*** refers to the Estate of Carrie Andrea Coineandubh, or any authorized representative thereof.

2.  ***Tacoma residence*** refers to the single family residence located at 7303 E. Vickery Avenue, Tacoma, Washington.

3.  ***Loan*** refers to account number 0018469890 whereby Shane R. Coineandubh and Carrie A. Coineandubh purchased the Tacoma residence on March 1, 2006 (Pierce County Tax Parcel 0320253031).

## DOCUMENTS REQUESTED VIA SUBPOENA

**REQUEST FOR PRODUCTION NO. 1:** Please produce all documents and/or electronically stored information reflecting communications between Cenlar FSB and the ***Estate*** after April 9, 2018 regarding the ***Loan***.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 2:** Please produce all documents and/or electronically stored information reflecting the complete transaction history for the ***Loan*** from origination to the present involving Cenlar FSB.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 3:** Please produce the policies and procedures implemented by Cenlar FSB in force between April 9, 2018 and June 10, 2019 for the servicing of mortgages where the borrower has died before the expiration of the underlying debt obligation.

**RESPONSE:**

# EXHIBIT A

**REQUEST FOR PRODUCTION NO. 4:** Please produce the policies and procedures implemented by Cenlar FSB April 9, 2018 and June 10, 2019 for the evaluation of loss mitigation applications by a borrower.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 5:** Please produce a complete copy of the servicing file [12 CFR 1024.38(c)(2)(i) –(v)] for the *Loan,* to the extent not already produced in response to the previous requests for production of documents set out above.

**RESPONSE:**

# Exhibit B

IN THE UNITED STATES DISTRICT COURT, WESTERN DISTRICT OF WASHINGTON, AT SEATTLE

| | |
|---|---|
| **ESTATE OF CARRIE ANDREA COINEANDUBH**<br>Plaintiff/Petitioner | Cause No.: **3:19-CV-05527-RBL**<br>Hearing Date: **12/30/2019** |
| VS.<br>**BOEING EMPLOYEES CREDIT UNION**<br>Defendant/Respondent | DECLARATION OF SERVICE OF<br>SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION |

The undersigned hereby declares: That s(he) is now and at all times herein mentioned was a citizen of the United States, over the age of eighteen, not an officer of a plaintiff corporation, not a party to nor interested in the above entitled action, and is competent to be a witness therein.

On the **12th day of December, 2019** at **2:37 PM** at the address of **780 TOWNSHIP LINE ROAD, YARDLEY, Bucks County, PA 19067**; this declarant served the above described documents upon **CENLAR FSB** by then and there personally delivering **1** true and correct copy(ies) thereof, by then presenting to and leaving the same with **Joan M.Heras**, **ASSISTANT CORPORATE SECRETARY, LEGAL OFFICE MANAGER, PERSON AUTHORIZED TO ACCEPT, who accepted service, with identity confirmed by subject showing identification, a white female approx. 55-65 years of age, 5'-5'4" tall, weighing 80-120 lbs with gray hair..**
No information was provided or discovered that indicates that the subjects served are members of the United States military.

Service Fee Total: **$125.00**

Declarant hereby states under penalty of perjury under the laws of the State of Pennsylvania that the statement above is true and correct.

Date: 12/16/2019

_Consuelo Hubbuck_ (signature)

**Consuelo Hubbuck**

**ORIGINAL PROOF OF SERVICE**
PAGE 1 OF 1

For: **Pierson, William E. Jr.**
Ref #: **99-036**

Tracking #: **0047060639**